Steven W. Hirsch Decatur County Attorney P.O. Box 296 Oberlin, Kansas 67749
Dear Mr. Hirsch:
You have requested that our office provide you with an opinion regarding whether the publication of the Computer Assisted Mass Appraisal (CAMA) number from the County Appraiser's Office without including a description or an address of real property satisfies the publication requirement of K.S.A. 79-2302, and whether once a delinquent taxpayer's name is published pursuant to K.S.A. 79-2303 the name can be removed prior to the completion of the three consecutive week publication requirement of that statute when the taxpayer pays the delinquency in full subsequent to the first publication.
As to your first question, K.S.A. 79-2302 is very specific. The published notice, pursuant to K.S.A. 79-2302, requires (among other information not relevant here) the description and address if available of the real estate. The CAMA number is simply not sufficient under the statute. Although citizens are presumed to be able to identify real estate by legal description and address, they are not required to review CAMA numbers to determine whether a particular piece of land is being sold. As stated in State ex rel. Stovall v. Meneley:[1]
 "It is a fundamental rule of statutory construction, to which all other rules are subordinate, that the intent of the legislature governs if that intent can be ascertained. The legislature is presumed to have expressed its intent through the language of the statutory scheme it enacted. When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be. Stated another way, when a statute is plain and unambiguous, the appellate courts will not speculate as to the legislative intent behind it and will not read such a statute so as to add something not readily found in it."
Even if we assume that the "description" required by statute may include something other than the legal description, the CAMA number alone does not suffice. While a CAMA number may lead one to a description or parcel, it is not, in and of itself, a description.
As to your second question, we believe that once the delinquency is paid in full, a formerly delinquent taxpayer's name may be, but is not required to be, removed from subsequent publication. K.S.A.79-2303 states in pertinent part:
 "The notice and list shall be submitted to the newspaper on or before August 1 of each year and shall be published once each week for three consecutive weeks immediately prior to the week when the day of sale will occur."[2]
Once a delinquent taxpayer is no longer delinquent, no sale of that taxpayer's property will occur. Because there will be no sale of that taxpayer's property, there is no publication requirement from that point forward of that taxpayer's name.
In conclusion, the publication requirement of K.S.A. 79-2302 is not satisfied by posting solely the CAMA number of real estate. Upon payment in full of delinquent taxes, a taxpayer's name may be removed from the delinquent taxpayer publication list envisioned by K.S.A. 79-2303.
Sincerely,
 PHILL KLINE Attorney General of Kansas
 Ralph J. De Zago Assistant Attorney General
PK:JLM:RJD:jm
[1] 271 Kan. 355, 378 (2001).
[2] Emphasis added.